**MEHAN COMPANY**

v.

**SMITH et al.**

Court of Common Pleas of Ohio,
Franklin County.

No. 95CVE12-8581.

Decided Nov. 8, 1996.

*Robert G. Palmer,* for plaintiff.

**18**

*Kevin J. Reis,* for Steven Smith.

*Robert G. Kennedy,* for Morgan Electric.

*David Babner,* for The Support Center, Inc.

*Phillip M. Walther,* for Franklin County Treasurer.

*Brent Stubbins,* for First National Bank of Zanesville.

———————

DALE A. CRAWFORD, Judge.

This action is before the court on various motions. Specifically, defendant Steven Smith has filed for leave to file a second motion for summary judgment against plaintiff, Mehan Company ("Mehan"), regarding plaintiff's mechanic's lien claim, Count V of Mehan's complaint. Smith filed the second motion for summary judgment on September 19, 1996. Defendant First National Bank of Zanesville filed a motion for summary judgment on September 27, 1996, which basically stated that it is in agreement with Smith's motion. These two motions for summary judgment have been filed out of rule. The deadline for dispositive motions was September 17, 1996. These motions will not be ruled upon. The court notes that the issues Smith raised in the second motion for summary judgment filed September 19, 1996 as to Mehan's Count V were addressed in the court's decision rendered on March 5, 1996. In its decision, the court denied Smith's motion to dismiss Mehan's claim against Smith's real estate, finding that Mehan's mechanic's lien was filed within the required time period.

Thus, the only motion left before the court is Smith's motion for summary judgment filed September 17, 1996. This motion is unopposed. Mehan has filed for a continuance pursuant to Civ.R. 56(E) to allow it to finish discovery. The court finds that although parties may be permitted to continue discovery for trial purposes, pursuant to a status conference agreement, the court is not going to allow the extension of time to file a memorandum in opposition to fall in late November, as requested. The court also believes that Mehan will not be prejudiced by not filing in opposition.

FACTUAL BACKGROUND

This is a construction case. Plaintiff, Mehan, is a general contractor that claims that defendant Smith owes Mehan for unpaid work and materials allegedly performed and used on a construction project.

SUMMARY JUDGMENT

Summary judgment is appropriate if it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one

conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. It should be noted that all of these requirements must be satisfied before summary judgment is appropriate.

The Supreme Court of Ohio has recently held in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274,

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." (Emphasis *sic*.)

■ Smith has attached as evidentiary material to his motion for summary judgment a letter from Mehan to Smith. This correspondence details the costs for final invoice and amounts due to Mehan. This letter is not attached properly in accordance with Civ.R. 56(C), and therefore cannot be used as evidence to support the motion.

■ After review of Smith's motion, the court is unsure what Smith is arguing. Smith's motion is nothing but numbers owed and paid that do not equal anything that the court can make a determination about. Even if the dollar amounts did add up to a logical sum, Smith has not provided the court with enough evidence to support his contentions that Mehan cannot account for certain monies received.

Thus, the court finds there exist material issues regarding the sums paid and owed to each party. Smith's motion for summary judgment is denied.

*Motion denied.*